UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SCOTT PORTER,                     No. 17-14113

                    Plaintiff,            District Judge Marianne O. Battani

v.                                        Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____/

### REPORT AND RECOMMENDATION

This is a Social Security appeal. On December 20, 2017, Plaintiff Matthew Scott Porter filed a *pro se* complaint under 42 U.S.C. § 405(g), challenging a final decision of Defendant Commissioner denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The case has been referred for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the action be DISMISSED WITH PREJUDICE under Fed.R.Civ.P. 41(b), for Plaintiff's failure to prosecute.

### I.   FACTS

On January 26, 2015, Plaintiff filed an application for DIB, alleging an onset of disability date of August 15, 2014. His Date Last Insured was June 30, 2016. He claimed disability as the result of major depressive disorder. Following the initial denial of his claim, an administrative hearing was held on November 1, 2016 in Oak Park, Michigan, before Administrative Law Judge ("ALJ") Jacqueline Y. Hall-Keith. Lawrence Coldon, Jr., a non-attorney representative, represented the Plaintiff. The Plaintiff testified at the hearing, as did Vocational Expert ("VE") Harry Cynoa. On

-1-

January 13, 2017, ALJ Hall-Keith issued a written decision finding Plaintiff not disabled. The Appeals Council denied review on November 20, 2017.

On January 2, 2018, the Court entered a deficiency order directing Plaintiff to provide additional copies of the complaint and summonses for purposes of service.[1] [Doc. #7]. Because it appeared that this form order might be confusing to a *pro se* litigant, I entered an amended order on April 23, 2018 [Doc. #9], making it clear that Plaintiff was to provide three copies of his complaint and summons to the Clerk for service. I also relieved him of the obligation to submit two USM 285 forms for Marshal's service, and extended the time for service by 90 days. I informed Plaintiff that if he did not submit the required copies of the complaint and summons by May 25, 2018, his case would be subject to dismissal. He submitted the copies on May 21, 2018.

On August 6, 2018, after the answer and the administrative record were filed, the Court entered a scheduling order under which Plaintiff's motion for summary judgment was due on September 20, 2018 [Doc. #15]. He did not file a motion by that date. Therefore, on November 14, 2018, the Court entered an amended scheduling order that afforded Plaintiff additional time to file a motion, with relaxed formatting requirements in recognition that he was proceeding without counsel:

> "I recognize that Mr. Porter is not represented by a lawyer. Therefore, his summary judgment motion does not have to be in strict legal format. In fact, he may simply write a letter explaining why he thinks the decision to deny him Social Security Disability benefits was wrong, and why he is entitled to benefits. (If he does this, the letter must include the case number).
>
> "However, Mr. Porter must file something so that the Court knows what he is requesting and why. Because he does not have an attorney, I will allow him additional time to do so." [Doc. #16].

---

[1] Because Plaintiff was granted leave to proceed without pre-payment of the filing fee and costs, he was entitled to service by the United States Marshal.

The amended order warned Plaintiff that he did not file his motion (or letter) by December 12, 2018, his case would be subject to dismissal. *Id*. To date, he has not filed anything.

## II.   LEGAL PRINCIPLES

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir. 2001).

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R. Co.* 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

L.R. 41.2, which permits dismissal for failure to prosecute on the court's own motion, states:

> "[W]hen it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."

In the case of a *pro se* litigant, "the Court must take into consideration the

difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich. 2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.*; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*.

## III.   DISCUSSION

As to the first *Knoll* factor, and without addressing the issue of willfulness or bad faith, this *pro se* Plaintiff is clearly at fault for not complying with the Court's scheduling order. He was not only given a generous extension of time, but permitted relaxed formatting that required no more than a letter explaining why the ALJ's opinion was wrong and why he is entitled to benefits. According to his testimony, he was 24 years old at the time of the administrative hearing, with a high school diploma and previous employment as a mortgage processor at Quicken Loans (Tr. 49-53), so he is sufficiently literate that he can understand and comply

with fairly simple directives from the Court.  In fact, he complied with a previous (modified) order to submit additional copies of his complaint for service. Comprehension is not a problem; rather, it seems that Plaintiff has abandoned his case.

Looking at the second factor, there is no identifiable prejudice to the Defendant at this point, beyond the lengthy passage of time.  The third factor, however,  weighs heavily against the Plaintiff, since he was given very clear notice that "must file something so that the Court knows what he is requesting and why," and that his failure to take action could lead to dismissal.

Finally, as to the fourth factor, this is not a case where, for example, an attorney's deficient performance can be sanctioned short of dismissing his or her client's case. *See Mulbah, supra*. Given the Plaintiff's lack of attention to his case, and the warning that was given in the Court's November 14, 2018 order, the only appropriate sanction is dismissal.

Numerous judges in this District have dismissed Social Security complaints under Rule 41(b) where the Plaintiff has neither filed a summary judgment motion nor responded to an order to do so. *See Herbers v. Comm. of Soc. Sec.*, 2012 WL 12761 (E.D. Mich. 2012)(Cook, J.);*Yax v. Comm. of Soc. Sec.*, 2011 WL 3034914 (E.D. Mich. 2011)(Battani, J.); *Gayles v. Comm. of Soc. Sec.*, 2010 WL 3582553 (E.D. Mich. 2010)(Rosen, J.); *Montgomery v. Comm. of Soc. Sec.*, 2010 WL 2181431 (E.D. Mich. 2010); *Miles–Richardson v. Comm'r of Soc. Sec.,* 2010 WL 1790976 (E.D.Mich. 2010) (Zatkoff, J.); *McNaughton v. Comm'r of Soc. Sec.,* 2009 WL 4646029 (E.D.Mich. 2009) (Borman, J); *Smith v. Comm'r of Soc. Sec.*, 2012 WL 4511251, at *1-2 (E.D. Mich. Oct. 1, 2012) (Steeh, J.).

I recognize that the Court came to a contrary conclusion in *Wright v. Comm. of Soc. Sec.*, 2010 WL 5420990 (E.D. Mich. 2010)(Friedman, J.). Citing *Kenney v. Heckler*, 577 F.Supp. 214 (N.D. Ohio 1983), the Court in *Wright* held that "once the plaintiff has filed a complaint stating his grounds for appeal from the Secretary's decision, he has done all that is required of him by § 405(g)." *Id*. at *3.[2] The *Wright* decision then went on to review the record on the merits, and remanded the case for an award of benefits.

Even assuming the viability of the unpublished decision in *Wright*, the present case is distinguishable. The administrative record in *Wright* clearly showed that the ALJ's decision to deny benefits was not supported by substantial evidence, and the case was remanded for an award of benefits, the Court noting that "proof of plaintiff's disability is strong and evidence to the contrary is non-existent." *Id*. at 9. In contrast, a review of the record in this case shows that the ALJ's decision is well-supported and well-reasoned. The ALJ found at Steps Two

---

[2] In dicta, *Wright* stated, "Whether a *pro se* plaintiff's failure to file a summary judgment motion, contrary to a magistrate judge's order, can ever constitute such delay or misconduct [supporting dismissal under Rule 41(b)] may be debatable." However, in *Jourdan v. Jabe, supra*, 951 F.2d at 110, the Sixth Circuit appears to have resolved the debate, at least as it applies to non-Social Security cases. Affirming the dismissal of a *pro se* case for failure to prosecute, the Court stated:

> "However, no persuasive reason has been posited why Jourdan should be accorded special consideration under the circumstances of this case. His action was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware. That he comprehended their significance is evidenced by his having sought their extension. The district court was generous in granting extensions which Jourdan failed to utilize."

and Three of the framework for disability determinations[3] that Plaintiff suffered

the severe impairments of "history of marijuana abuse in reported one-month

remission" and "major depressive disorder," but that neither "met or medically

equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart

B, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)" (Tr. 34). The ALJ

explained in detail why Plaintiff did not meet the Listings, including why his

mental impairments did not result in at least two "marked" limitations or one

"marked" limitation and "repeated" episodes of decompensation. (Tr. 35). Based

on a detailed review of the treating medical records and the consultative opinions

(Tr. 37-40), the ALJ found that Plaintiff's residual functional capacity limited him

to "simple, repetitive tasks." (Tr. 39). In so finding, he rejected a broader non-

examining consultative opinion that Plaintiff could return to his past employment

as a mortgage loan processor (Tr. 38-39).

     My own review of the ALJ's findings, based on the record, shows that

unlike the decision in *Wright*, the ALJ complied with the procedural requirements

of the Social Security regulations, and that her decision was supported by

---

[3] Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. §416.920(a). The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Richardson v. Secretary of Health & Human Services,* 735 F.2d 962, 964 (6th Cir.1984).

substantial evidence.  An administrative decision must be upheld if is supported by substantial evidence.  42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir.  1985).  Regardless of the split of authority between *Wright* and the other cases from this district cited above, it is appropriate to dismiss Plaintiff's complaint for failure to prosecute.

## IV.   CONCLUSION

I recommend that this action be DISMISSED WITH PREJUDICE under Fed.R.Civ.P. 41(b), for Plaintiff's failure to prosecute.

Any objections to this Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

<u>s/ R. Steven Whalen</u>
R. STEVEN WHALEN
U.S. MAGISTRATE JUDGE

Dated: January 11, 2019

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a copy of the foregoing document was sent to parties of record on January 11, 2019, electronically and/or by U.S. mail.

<u>s/Carolyn M. Ciesla</u>
Case Manager to the
Honorable R. Steven Whalen